UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAIFAH SALAHUDDIN,

               Plaintiff,

-against-

ARIANA DONNELLAN GAMBELLA;
RICHARD E. CASAGRANDE; JEFFERY H.
GAMILS; LAURA HEMANS BRANTLEY;
JOHN PAUL GUYETTE,

               Defendants.

1:19-CV-7334 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction asserting claims under multiple federal antidiscrimination statutes and under state law. She sues attorneys (Ariana Donnellan Gambella[1] and Richard Casagrande) who previously represented her, and other attorneys who are either currently or were formerly employed by the New York City Department of Education ("DOE") (Jeffrey Gamils and Laura Hemans Brantley) or who represented DOE in previous litigation in this Court (John Paul Guyette).[2] By order dated November 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

---

[1] It appears that Ariana Donnellan Gambella has also been known as Ariana Donnellan.

[2] Because Plaintiff is a citizen of New York and at least one of the defendants appears to be a citizen of New York, the parties are not diverse, and the Court cannot consider Plaintiff's state-law claims under its diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). In light of Plaintiff's *pro se* status, the Court may consider Plaintiff's state-law claims under its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted. emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff's claims in this action arise from the termination of Plaintiff's DOE employment and from her previous litigation in (1) an administrative disciplinary proceeding initiated against Plaintiff by DOE under Section 3020-a of the New York Education Law, and (2) a *pro se* action Plaintiff subsequently brought in this Court in *Salahuddin v. N.Y.C. Dep't of Educ.*, No. 15-CV-6712 ("*Salahuddin I*"). The Court will therefore refer to submissions filed, and decisions issued, in the Section 3020-a proceeding and in *Salahuddin I*, along with Plaintiff's complaint in this action.

### A.  Stipulation of Settlement

On August 6, 2013, Plaintiff signed a stipulation of settlement in which DOE agreed to discontinue the Section 3020-a proceeding against Plaintiff and take no further disciplinary action against her, and Plaintiff agreed to "irrevocably resign" from her position as a DOE teacher effective November 15, 2013. (*Salahuddin I*, ECF 1:15-CV-6712, 19, p. 4.) The stipulation also stated that Plaintiff understood and acknowledged that she would be ineligible for any future DOE employment, and that her resignation "may or may not affect her ability to work for a vendor doing business with" DOE. (*Id.* at 5.)[3]

Plaintiff and DOE further "waive[d] their rights to make any legal or equitable claims or to initiate legal proceedings or administrative hearings of any kind against each other or any

---

[3] The stipulation also stated that in "any case where [DOE] has denied a vendor the ability to employ a person by virtue of the individual's irrevocable resignation with [DOE], a review of the matter will be done by [DOE's] Human Resources [unit]. Although, [DOE] has the final decision concerning employment, [it] will not unreasonably deny a vendor from hiring former [DOE] employees who have irrevocably resigned." (*Id.* p. 5-6.)

3

employee thereof, relating to or arising out of this matter, except to enforce" the stipulation. (*Id.* p. 6.) They also agreed that they entered into the stipulation "freely, knowingly and openly, without coercion or duress," and Plaintiff affirmed that she had access to counsel in reaching that agreement, consulted with counsel about its terms, and entered into the agreement with the advice and consent of counsel. (*Id.*)

It appears that Donnellan Gambella and Casagrande are attorneys who represented Plaintiff in the Section 3020-a proceeding. Donnellan Gambella signed the stipulation for Casagrande, and Casagrande is listed as Plaintiff's attorney in the stipulation. (*Id.* p. 7-8.) Gamils signed the stipulation for Brantley, an attorney employed by DOE's Office of Legal Services. (*Id.*)

**B.** *Salahuddin I*

On August 24, 2015, Plaintiff filed a *pro se* action in this Court – *Salahuddin I* – in which she sued the United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights ("NYSDHR"), as well as the New York City Board of Education ("BOE") and DOE. (*Salahuddin I*, ECF 1:15-CV-6712, 2 (original complaint).) Guyette represented DOE and BOE in that action. On June 25, 2015, Judge Laura Taylor Swain dismissed Plaintiff's claims against EEOC and NYSDHR. (*Id.* ECF 1:15-CV-6712, 6, p. 2.) In a Memorandum Opinion and Order dated September 29, 2016, Judge Swain granted BOE's and DOE's motion to dismiss Plaintiff's amended complaint for failure to state a claim on which relief may be granted, without prejudice to Plaintiff's filing a motion for leave to file a second

amended complaint.[4] *Salahuddin I*, No. 15-CV-6712, 2016 WL 5477739 (S.D.N.Y. Sept. 29, 2016).

Judge Swain noted that Plaintiff's amended complaint in *Salahuddin I* alleged that "following her resignation, [Plaintiff] was assigned a problem code by the DOE that made her ineligible for employment with [DOE] affiliated vendors," and that "the DOE acted in retaliation for her efforts in assisting other DOE employees with their complaints and lawsuits against the DOE." *Id.* at *1 (internal quotation marks and citation omitted, second alteration in original). Judge Swain also noted, however, that Plaintiff did not "proffer any factual support for th[o]se allegations, nor [did] she allege any facts relating to unsuccessful attempts to secure employment with DOE vendors." *Id.*

Judge Swain dismissed Plaintiff's claim that DOE had "blacklisted" Plaintiff from any DOE-vendor employment because Plaintiff had failed to identify "any applications that she made for employment with DOE vendors, []or any specific action she contend[ed] DOE took in connection with any such application or vendor." *Id.* at *4. Judge Swain found Plaintiff's allegations failed to state a claim of blacklisting because they were "too speculative and conclusory to render plausible" such a claim. *Id.*

Plaintiff filed a motion for leave to file a second amended complaint. But in a Memorandum Opinion and Order dated August 28, 2017, Judge Swain denied the motion and closed that action. *Salahuddin I*, 15-CV-6712, 2017 WL 3724287 (S.D.N.Y. Aug. 28, 2017). Judge Swain construed Plaintiff's blacklisting claim as a "post-termination retaliation claim" brought under multiple federal antidiscrimination statutes and under state law. *Id.* at *3. Judge

---

[4] Plaintiff asserted claims under multiple federal antidiscrimination statutes and under state law.

5

Swain held that Plaintiff's second amended complaint "blurs together theories of discrimination and retaliation, and . . . Plaintiff does not sufficiently allege a protected activity in which she engaged that could cause an adverse action after her termination with the DOE." *Id.* at *4. Judge Swain ultimately held that "Plaintiff's allegations in her [proposed second amended complaint] would not be sufficient to overcome a motion to dismiss the retaliation claim." *Id.*

On October 25, 2017, Judge Swain denied Plaintiff's motion for reconsideration. (ECF 1:15-CV-6712, 73.) On April 18, 2018, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Salahuddin v. City of New York Dep't of Educ.*, No. 17-3671, 2018 WL 2138290 (2d Cir. Apr. 18, 2018).

## C. The present action

In her complaint for the present action, Plaintiff alleges the following facts: On August 6, 2013, Donnellan Gambella and Casagrande "colluded" with Gamils and Brantley "to entrap [Plaintiff] into an irrevocable settlement agreement that they knew would blacklist [her] from employment in the academic, education [and] human/social services sectors, public [and] private." (ECF 2, p. 5.) Donnellan Gambella, Casagrande, Gamils, and Brantley "knew [that Plaintiff] suffered from qualifying disabilities [and] they perceived/regarded [her] as having a disability of mental illness . . . entitling [her] to reasonable accommodation." (*Id.*) They deceived Plaintiff into believing that the August 6, 2013 stipulation would not affect her teaching license and would only bar her from future DOE employment and would not "automatically" bar her from employment with a DOE vendor. (*Id.*)

Plaintiff alleges that before she signed the stipulation, when she expressed an interest in proceeding with a disciplinary hearing instead of settling with DOE, one of the female defendants – she does not specify which one – "threatened to expose [Plaintiff's] entire employee file to force [Plaintiff] into giving up" proceeding with a disciplinary hearing. (*Id.*)

6

Donnellan Gambella, Casagrande, Gamils, and Brantley "consented to use deceit [and] collusion in order to deceive [Plaintiff] into not going through [with] the hearing [and] threaten[ed]" that a disciplinary hearing officer would find that Plaintiff should be terminated. (*Id.* p. 6.) Plaintiff has "received hundreds of job rejections [and] no replies from [DOE] vendors . . . to date in response to the ineligibility status that problem coding renders." (*Id.* p. 5.) Guyette "continued the deceit [and] collusion by records tampering/withholding, submitting forged documents in discovery, claiming [Plaintiff] didn't need to respond to interrogatories [and] that rejecting employers were not DOE related." (*Id.* p. 6.)

Plaintiff seeks damages and well as injunctive and declaratory relief.

## DISCUSSION

### A.     Gamils, Brantley, and Guyette

The Court must dismiss Plaintiff's claims against Gamils, Brantley, and Guyette for failure to state a claim on which relief may be granted.

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). It applies in a later litigation, if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *cert. granted*, 139 S. Ct. 2777 (June 28, 2019). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

7

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense that normally must be pleaded in a defendant's answer, the Court may raise claim preclusion on the Court's own initiative. *See, e.g., Scherer v. Equitable Assurance Soc'y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*.").

All of the requirements for claim preclusion are satisfied here for Plaintiff's claims against Gamils, Brantley, and Guyette. First, Plaintiff's claims against DOE in *Salahuddin I* resulted in an adjudication on the merits – Judge Swain dismissed Plaintiff's claims for failure to state a claim and concluded that Plaintiff's proposed second amended complaint also failed to state a claim. Second, Gamils, Brantley, and Guyette, as DOE's attorneys, are in privity with DOE.[5] *See Weinberger v. Tucker*, 510 F.3d 486, 492-93 (4th Cir. 2007) ("Courts have held that the attorney-client relationship itself establishes privity."). Finally, Plaintiff's claims arise from the same events as *Salahuddin I*, and therefore were or could have been raised in that action. *See,*

---

[5] The only exception may be Plaintiff's claims against Guyette, which appear to be based on Guyette's representation of DOE in *Salahuddin I*. Plaintiff alleges, for example, that Guyette "continued the deceit & collusion" in litigating on DOE's behalf. (ECF 2, p. 6.) Plaintiff's allegations about Guyette's actions in that litigation do not state any cognizable federal claim.

8

*e.g.*, *Salahuddin I*, 2016 WL 5477739, at *1 (discussing Plaintiff's Post-Charge Stipulation of Settlement).

The Court therefore dismisses all of Plaintiff's claims against Gamils, Brantley, and Guyette under the doctrine of claim preclusion for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim).

**D.     Remaining claims**

The Court construes Plaintiff's remaining claims – those against Donnellan Gambella and Casagrande, and possibly Guyette – as brought under state law under the Court's supplemental jurisdiction.[6] A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See*

---

[6] Plaintiff asserts federal claims under the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967 ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). But none of those statutes create liability for individuals. *See, e.g.*, *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (Title VII and ADA retaliation claims); *Harris v. Mills*, 572 F.3d 66, 72-73 (2d Cir. 2009) (ADA and Rehabilitation Act); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (ADEA); *Martin v. Chem. Bank*, 129 F.3d 114 (2d Cir. 1997) (unpublished opinion) (same). The Court therefore alternatively dismisses Plaintiff's ADA, Rehabilitation Act, ADEA, and Title VII claims against all of the defendants – all individuals – for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**F.     Warning**

The Court finds that because of the August 6, 2013 stipulation of settlement and Judge Swain's decisions in *Salahuddin I*, Plaintiff was aware, or should have been aware, that the present action fails to state meritorious claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative or frivolous litigation in this Court arising from (1) the August 6, 2013 stipulation of settlement or the claims resolved in that stipulation, or (2) DOE's alleged blacklisting of Plaintiff to prevent her from securing DOE-vendor employment, will result in an order barring Plaintiff from filing any new civil action in this Court *in forma pauperis* in which she assert any those claims without prior permission of the Court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court

dismisses all of Plaintiff's claims against Gamils, Brantley, and Guyette, and her federal claims against Donnellan Gambella and Casagrande, for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider Plaintiff's remaining state-law claims against Donnellan Gambella and Casagrande, and any state-law claims not previously dismissed against Guyette, under its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  November 22, 2019
        New York, New York

                                              _____
                                                      COLLEEN McMAHON
                                                Chief United States District Judge