UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAIFAH SALAHUDDIN,

        Plaintiff,

-against-

ARIANA DONNELLAN GAMBELLA, et al.,

        Defendants.

1:19-CV-7334 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    By order and judgment dated November 22, 2019, and entered three days later, the Court dismissed this *pro se* action. (ECF 5 & 6.) On December 6, 2019, Plaintiff filed a letter seeking accommodations for her disabilities and reconsideration of the Court's November 22, 2019 order and judgment. (ECF 7.) The Court construes that letter as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure and for reconsideration under Local Civil Rule 6.3 ("Rule 59(e) motion").

    On December 26, 2019, Plaintiff filed a notice of appeal (ECF 9) and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 8).

    For the reasons discussed below, the Court denies both motions.

## DISCUSSION

**A.    Rule 59(e) motion**

    **1.  Jurisdiction**

    Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's Rule 59(e) motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and

divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a timely Rule 59(e) motion, *see* Fed. R. App. P. 4(a)(4)(A)(iv), and (2) files a notice of appeal before the district court disposes of the Rule 59(e) motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). A Rule 59(e) motion must be filed in a district court within 28 days of the entry date of the judgment it challenges. Fed. R. Civ. P. 59(e).

On November 25, 2019, the Clerk of Court entered the judgment dismissing this action. (ECF 6.) On December 6, 2019 – 11 days later – Plaintiff filed her Rule 59(e) motion. (ECF 7.) Twenty days after that, Plaintiff filed her notice of appeal. (ECF 9.) Thus, because Plaintiff timely filed her Rule 59(e) motion, and because the Court had not disposed of that motion before Plaintiff filed her notice of appeal, this Court has jurisdiction to rule on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) ("Although a notice of appeal usually divests the district court of jurisdiction, where a party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule 59 motion."); *see also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("[T]he suspension of the effectiveness of the notice of appeal precluded [the Court of Appeals's] jurisdiction to adjudicate the merits of the appeal.").

**2. Relief under Rule 59(e) and Local Civil Rule 6.3**

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court

overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its November 22, 2019 order and judgment. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

**B.      Motion for an extension of time to file a notice of appeal**

The Court must deny Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary. If a party files a timely Rule 59(e) motion, the time to file a notice of appeal does not begin to run until the entry date of the order disposing of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Because Plaintiff filed a timely Rule 59(e) motion, the time to file a notice of appeal does not being to run until the entry date of the order disposing of that motion (the entry date of this order). Thus, Plaintiff's notice of appeal is timely.[1] The Court therefore denies Plaintiff's motion for an extension of time to file a notice of appeal.

---

[1] Even if Plaintiff did not file a timely Rule 59(e) motion, her notice of appeal would still have been timely. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes Plaintiff's submission filed on December 6, 2019, as a motion seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and the Court denies that motion. (ECF 7.)

The Court also denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary because Plaintiff's notice of appeal is timely. (ECF 8.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 4, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. The Clerk of Court entered the order and judgment dismissing this action on November 25, 2019. (ECF 5 & 6). Plaintiff had 30 days from that date to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). But because the last date of that period fell on December 25, 2019, Christmas Day, which is a federal holiday, the period in which Plaintiff could have filed a timely notice of appeal would have been extended to the next court-business day, December 26, 2019. *See* Fed. R. App. P. 26(a)(1)(C), (6)(A). Plaintiff filed her notice of appeal on December 26, 2019. (ECF 9.)